Michael F. Babitzke, Esq. – SBN 50048
Michael F. Babitzke, Inc.
6 S. El Dorado Street, Suite 305
Stockton, CA 95202
Telephone: (209) 465-5722
Facsimile: (209) 465-0714
E-mail: mbabitzke@sbcglobal.net

Jeffrey A. Silvia, Esq. - SBN 121065
Law Offices of Jeffrey A. Silvia, A
Professional Corporation
2800 W. March Lane, Suite 410
Stockton, California 95219
Telephone: (209) 952-9396
Facsimile: (209) 952-9399

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY BRISTOW, MICHELLE BRISTOW, BILLY BRISTOW, CONNIE BRISTOW,<br><br>Plaintiffs,<br><br>vs.<br><br>RICHARD ESTER, KAREN SANGSTER, STATE OF CALIFORNIA, COUNTY OF SAN JOAQUIN, CITY OF STOCKTON, CITY OF GALT and DOES 1 THROUGH 250,<br><br>Defendants. | CASE NO.: 2:17-cv-02712-TLN-CKD<br><br>**AMENDED COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**<br><br>1. 42 U.S.C. 1983 – **Civil Rights Violations**<br>2. 42 U.S.C. 1983 – **Unlawful Customs, Policies, Habits, or Procedures** |

Plaintiffs, by and through their attorney, Michael F. Babitzke, Inc., a Professional corporation, for their Complaint against Defendants, states the following:

**JURISDICTION**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C 1331, 1341, and 1343 because it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state of law, of the rights of citizens of the United States Constitution, pursuant to 42 U.S.C. 1983 and 1988. This action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of California.

2. Venue is proper, pursuant to 28 U.S.C 1391(e)(2), because the events giving rise to Plaintiff's claim occurred in this judicial district and divisional venue lies in the Sacramento Division of the U.S. District Court for the Eastern District of California because the events giving rise to Plaintiff's claims occurred in San Joaquin County, California.

## PARTIES

3. Plaintiffs Michelle Bristow and Danny Bristow are citizens of the United States, competent adults, and residents of this judicial district; at the time of the events giving rise to this suit were adults.

4. At all times mentioned herein, Defendants Richard Ester, Karen Sangster and DOES 100 through 250 in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with Defendant County of San Joaquin County and DOES 1 through 50 acting within the scope and course of employment with the City of Stockton acted under color of state law. At all material times, all Defendants operated jointly, and in concert with one another. The Defendants named above and DOES 1 through 250 are sued in their Individual capacities.

5. At all times mentioned herein, DOES 51 through 60, in doing the acts are sued omissions hereinafter described, acted under color of state law. DOES 51 through 60 are sued in both their Individual and, if applicable, Official capacities.

6. Defendants City of Stockton and County of San Joaquin are public entities existing under the State of California and are the employers of the individual defendants named above.

7. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES 60 through 100 are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

8. Plaintiff alleges, on information and belief, that each of the Defendants sued herein was negligently, wrongfully, recklessly, or intentionally, and/or otherwise responsible in some manner for the events and happenings hereinafter described, and proximately caused injuries and damages to Plaintiffs all without probable cause or with legal justification whatsoever. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including DOE Defendants.

9. Plaintiff is informed, believes, and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venture, or co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things

hereinafter alleged, was acting within the course and scope of that relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in constitutionally violative, unlawful, and/or tortuous activity; resulting in the deprivation of Plaintiff's constitutional rights and other actionable harm.

10. The acts and omissions of all County and Stockton defendants, as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of the City of Stockton Police Department or, alternatively, such acts and omission were pursuant to the lack thereof and, thus, in lieu of policies, practices, and procedures that should have been in place.

11. At all material times, each County and Stockton employees acted under color of the laws, statutes, ordinances, and regulations of the State of California.

12. This complaint may be pled in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

**GENERAL ALLEGATIONS**

13. Plaintiff re-alleges each and every previous paragraph in this Complaint, as though fully set forth herein.

14. Plaintiff Danny Bristow is the father of Michelle Bristow. On February 13, 2018, Danny Bristow and Michelle Bristow lived at real property located at 4719 East Harvest Road in Acampo, California. No other person lived in that residence.

15. On or about February 13, 2015, shortly before 7:00 a.m., the named Defendants and DOE defendants, six in number, gathered in the area of Plaintiff's home preparing to launch a SWAT style raid.

16. Without any lawful authority to do so, at approximately 8:00 to 8:00 a.m., defendants descended on plaintiff's home, raucously pounding on the door and forcing their way in. Defendant's were donning black paramilitary style SWAT gear, including helmets and masks and were armed with firearms, various weapons, full paramilitary equipment belts, and other SWAT equipment. Defendants forcibly entered Plaintiff's home at 4719 East Harvest Road, Acampo, California, and terrorized Michelle Bristow.

17. At no time did any law enforcement agency have a valid warrant clearly describing 4719 East Harvest Road, Acampo, California and thus did not have probable cause. No person had come into the home prior to time of entry by defendants and there were no exigent circumstances.

18. Michelle Bristow was extremely terrified seeing these armed men and knowing her father already gone to work because she believed that she was in danger of being physically harmed.

19. Michelle Bristow perred out and saw individuals dressed in all black, paramilitary style gear gathered just outside her front door. Plaintiff had no idea who these individuals were, but feared they intended to harm her.

20. After breaking into her home, the officers handcuffed Michelle, refused to permit her to obtain shoes or clothing and forced her at gunpoint to walk over gravel with no shoes in the middle of winter. The handcuffs were so tight on Michelle that the

blood circulation was compromised and she had bruises and deformations or her arm for some period of time after the handcuffs were eventually released.

21. Plaintiff continuously requested to be told why she was being treated the way she was and each defendant failed and refused to disclose or tell anything about why she was being poorly treated, terrorized and physically harmed. Michelle had not committed any criminal conduct whatsoever on the date of the seizure and has not trough today committed any violation of law.

22. After forcing Michelle from her home, the defendants forced her to climb into a van, go to the back of the van, and stare out the back of the van for a period of approximately seven hours without food, water, or being able to use the toilet.

23. In addition, the defendants continuously declined to advise Michelle why she was being held, why she was being handcuffed

24. Eventually, approximately eight hours later, the defendant took off her handcuffs and Michelle Bristow found her house ransacked. The defendants did not offer a ride back to her house and were insensitive to the fact that she was still barefooted and had to walk over gravel and dirt to return to her home.

25. The defendants never expressed any apology, remorse, sensitivity, carrying, feeling, empathy, or explanation to Michelle.

26. After defendants ejected plaintiff from her home without probable cause, a search warrant, exigent circumstances or for any lawful reason whatsoever, defendants wrongfully continually entered and searched her entire home in a trespassory and constitutionally volatile manner without the authorization of a search warrant.

27.     The tortuous and constitutionally volatile conduct of defendants proximately caused Michelle to suffered severe emotional distress. Defendant's conduct was so outrageous and frightening to Michelle that she was physically shaking and upset after the above described violations and was overcome with fear and anxiety on an ongoing basis and had difficulty sleeping and was filled with anxiety and could not return to her home feeling comfortable and ultimately required her to move. Michelle did not feel any sense of safety and privacy in her own home for a substantial period of time.

28.     The defendants proximately caused physical damage to the front door and entryway of plaintiff's home as result of the warrant was forced entry defendants caused additional damage to plaintiff's home in the course of their warrantless search and trespass of her home.

29.     Defendants own excessive and unreasonable actions and tactics created the situation in which the defendants unreasonably entered plaintiff's home, forcibly and without warrant, while defendants searched the home, and unreasonably and unlawfully seized plaintiff extra.

30.     At the time of the above described violations, the individually named defendants, including those that may not be specifically referenced in a given paragraph, where sufficiently close proximity and/or were aware of the conduct of the others and had sufficient time to stop the violations and therefore were in a position to stop or prevent the torturous unlawful and constitutionally.

31.     In their capacity as supervisors, DOES 50, 51, 52, 53, 54, 55 and 56 failed to supervise remaining defendants and others at the scene of the above described violations.

32.     At all material times and alternatively, each act and/or each failure to act of each defendant were intentional, wanton, willful, reckless, callous, malicious, and deliberately indifferent to plaintiff's rights and were done with the intent to cause plaintiff harm.

33.     As a direct and proximate result of each defendant acts and or omissions as set forth above Michelle Bristow has sustained the following injuries and damages, past and future, including, but not limited to:

　　A) Economic damages, including out-of-pocket expenses and property damage;
　　B) Severe emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;
　　C) All other legally cognizable special and general damages; Violations of state and federal constitutional rights and
　　D) All damages and penalties recoverable under 42 US code section 1983, 42 US code section 1988, California Civil Code section 52 (b)(3) and 52.1 (h) and is otherwise allowed under California and United States statutes, codes and common-law

34.     Danny Bristow was the owner of the property at 4719 Harvest Way in Acampo, California.

35.     Danny incorporates by reference paragraphs point blank above

36.     At the time of the wrongful search and seizure of Michelle Danny was at work but was called and returned to the location to find all the streets were blocked by police officers and/or sheriff deputies.

37.     Within two years last, Danny was successful in obtaining a court order ordering the return of the guns seized by the San Joaquin County Superior Court.

Danny presented the court order to the San Joaquin County Sheriff's office. DOES 70 to 72 advised Danny that they would not comply with the order and refused to return the weapons to Danny even though the Superior Court judges of San Joaquin County had ordered the Sheriff's office to return said weapons.

38. The sheriff's office also wrongfully seized guns which Danny Bristow owned through inheritance. Said seizure was wrongful because it was not illegal for Danny Bristow to possess such weapons, the weapons had not been used in any crime and a list of said weapons is attached hereto and marked as **Exhibit "A"** and incorporated in full by this reference.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## --42 U.S.C. 1983—

## AGAINST ALL INDIVIDUALLY NAMED DEFENDANTS, DOES 1-40, & DOES 60-250

39. Each Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

40. By the actions and omissions described above, Defendants, DOES 1-40, and DOES 51-60 violated 42 U.S.C. § 1983, depriving each Plaintiff of the following well-settled constitutional rights that are protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

    a. The right to be free from unreasonable searches and/or seizures, as secured by the Fourth and Fourteenth Amendments; and,
    b. The right to be free from unlawful and/or unreasonable detentions and/or arrests

41. In addition, Danny Bristow had his Second Amended rights violated. The failure to intervene, prevent, or stop the Fourth Amendment violations on the part of the

individually named Defendant officers, and/or DOE Defendants, and/or supervisors, who were in a position -and had sufficient time -to do so when such violations occurred renders such Defendant(s) liable for these violations.

42. The warrantless, forcible entry into Plaintiff's home and the seizure of Michelle were done in violation of Plaintiffs' constitutional rights, which are guaranteed by the Fourth Amendment to the United States Constitution, for which Defendants are liable either directly or via their failure to intervene. As a result, each Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

43. Any other supervisors that were present or who otherwise failed to prevent the unconstitutional acts of said Defendants failed to properly supervise them, thus rendering these Seargants and/or others liable directly and in their supervisory capacity. The activities of the Stockton defendants reflected official policy of Stockton and County of San Joaquin.

44. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in Paragraph 33 and Paragraph 40. Each Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

45. In committing the acts alleged above, the individually named Defendants and DOE Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought directly against the CITY OF STOCKTON.

## SECOND CAUSE OF ACTION

## --42 U.S.C. 1983--

## AGAINST DEFENDANTS CITY OF STOCKTON AND COUNTY OF SAN JOAQUIN

46. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 44 above, as though fully set forth herein.

47. Plaintiff alleges, upon information and belief, the unconstitutional actions and/or omissions of the individually named Stockton and San Joaquin Defendants herein were pursuant to the following customs, policies, practices, and/or procedures of the Stockton and San Joaquin County, stated in the alternative which were directed, encouraged, allowed, and/or ratified by policy making officials for the City of Stockton, San Joaquin County, Stockton Police Department, and San Joaquin Sheriff's Office,

    c. Failure to supervise and/or discipline officers for misconduct that results in the violation of citizens' civil rights; and/or,

    d. Failing to institute, maintain, or effectively administer an appropriate training regimen on the subject of performing SWAT raids, and/or

    e. Failing to use appropriate and generally accepted law enforcement procedures for performing SWAT raids; and/or,

    f. Failing to supervise officers and/or detectives when they employ the awesome power of a SW AT force to conduct a raid, to ensure the conduct of such officers and/or detectives does not run afoul of the U.S. Constitution; and/or,

    g. Failing to institute, maintain, or effectively administer an appropriate training regimen on subjects such as seizures of citizens and/or the use of force and/or the use and abuse of the awesome power of detention and/or arrest granted to peace officers; and/or

    h. Using or tolerating inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of unlawful searches and/or unlawful seizures and/or officer misconduct, I including claims made under California Government Code section 910 et seq.

48. In the alternative, upon information and belief, Defendant CITY OF STOCKTON and COUNTY OF SAN JOAQUIN may have instituted policies or training

addressing some or all of the topics listed above, but has either through negligence or deliberate indifference to citizens' rights failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

49. The above-described customs, policies, practices, and/or procedures of the City of Stockton and County of San Joaquin were a moving force and/or a proximate casue of deprivations of Plaintiff's constitutional rights, in violation of 42 U.S.C. 1983, as more fully set forth above.

50. As a proximate result of the foregoing customs, policies, practices, and/or procedures of the City of Stockton and County of San Joaquin, or the lack of inadequacy thereof, Plaintiff sustained injuries and damages as set forth above, in Paragraph 40. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial. Plaintiffs only means of securing complete and adequate relief is to also seek declaratory and injunctive relief, to offer Plaintiff substantial and complete protection from Defendants' unlawful policies and practices. Plaintiff, thus, seeks both legal damages and equitable remedies in the form of injunctive relief against Defendant City of Stockton and County of San Joaquin.

**Third Cause of Action**

**Billy Bristow v. DOES 1 through 250 and City of Stockton and County of San Joaquin**

51. Billy Bristow insofar as applicable incorporates by reference Paragraphs 1 through 50 as fully as if set forth herein

52 At all relevant times, Billy Bristow was a resident of 4719 East Harvest Road, Acampo, California.

59.  Connie Bristow at all relevant times has resided at 4719 East Harvest Road, Acampo, California

60.  On or about February 13, 2015, the DOES 70 to 80, as will be shown according to proof, came into house, and recklessly and wantonly destroyed furniture for lawful reasons with a value in an amount en excess of $5,000 or as will be shown according to proof. Said actions violated plaintiffs rights pursuant to 42 U.S.C 1983.

61.  The destruction of the furniture caused Connie Bristow extreme and emotional distress.

62.  The destruction of the furniture was willful and wanton, and done with sufficient disregard for plaintiff to justify the imposition of punitive damages.

63.  The actions taken were in conformity with the policies and practices of the City of Stockton and County of San Joaquin, and authorized and restricted by policy making persons of the City of Stockton and County of San Joaquin.

64.  Plaintiffs have engaged the services of Michael F. Babitzke and Jeffrey A. Silvia, attorneys at law.

WHEREFORE Plaintiffs prays for relief as follows

1)  Economic damage to property for each plaintiff and wrongful taking of guns as will be shown according to proof;

2)  Return of guns to Danny Bristow;

3)  Emotional distress damages for each Plaintiff according to proof;

4)  Injunctive relief forbidding Defendants from engaging in similar behavior;

5)  Punitive damages as permitted by law;

6)  Attorney's fees;

7)   Such other and further relief as this court finds just.

Dated: March 1?, 2018            Respectfully submitted

_____
Michael F. Babitzke
Attorney for Plaintiffs